**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARQUESE GAINES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **1:25-CV-1294** |
| | : | **(JUDGE MARIANI)** |
| **WELLPATH, LLC, *et al.*,** | : | |
| | : | |
| **Defendants.** | : | |

# MEMORANDUM OPINION

## I. INTRODUCTION & PROCEDURAL HISTORY

Before the Court are four reports and recommendations ("R&R") from Magistrate Judge Carlson concerning motions to dismiss filed by defendants PrimeCare Medical, Inc., Dr. Tamer Behman, Dr. Jacqueline Howard, Wellpath, LLC, the Pennsylvania Department of Corrections, and Corrections Officers Timothy Barndt, Shannon Cramer, William Edwards, and Andrew Calderwood. (Docs. 78-81). In short, plaintiff Marquese Gaines ("Plaintiff") alleges in his Second Amended Complaint ("SAC") that all defendants—with the exception of the Pennsylvania Department of Corrections—are liable under 42 U.S.C. § 1983 for depriving him of his constitutional rights under the Eighth and Fourteenth Amendment.

Plaintiff alleges that PrimeCare Medical, Inc., Dr. Tamer Behman, Dr. Jacqueline Howard, and Wellpath, LLC failed to ensure he received adequate and necessary medical care for a neurological condition he claims was misdiagnosed and mistreated by prison

medical staff. Plaintiff also brings state law claims for negligence against these defendants. Plaintiff further alleges that the corrections officer defendants violated the Eighth Amendment when they transported him twice unsecured on the floor of a Dodge Caravan Minivan causing him injury. Finally, Plaintiff pursues a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") against the Pennsylvania Department of Corrections.

In the first R&R, Judge Carlson recommends this Court grant defendants PrimeCare Medical, Inc. and Dr. Tamer Behman's (together the "PrimeCare Defendants") motion to dismiss Plaintiff's constitutional claims and decline to exercise supplemental jurisdiction over his state law negligence claim. (Doc. 78). Plaintiff filed timely objections to the first R&R. (Doc. 83).

In the second R&R, Judge Carlson recommends the Court grant Dr. Jacqueline Howard's motion to dismiss Plaintiff's constitutional claims and decline to exercise supplemental jurisdiction over his state law negligence claim. (Doc. 79). Plaintiff filed timely objections to the second R&R. (Doc. 84).

In the third R&R, Judge Carlson recommends that this Court deny Wellpath, LLC's motion to dismiss. (Doc. 80). No party filed an objection to the third R&R.

In the fourth and final R&R, Judge Carlson recommends that this Court deny the Pennsylvania Department of Corrections and Corrections Officers Timothy Barndt, Shannon Cramer, William Edwards, and Andrew Calderwood (together, the "Commonwealth

Defendants") partial motion to dismiss. (Doc. 81). The Commonwealth Defendants filed a timely objection to the fourth R&R. (Doc. 82).

Upon *de novo* review, the Court will adopt Magistrate Judge Carlson's R&Rs in full for the reasons set forth below. (Docs. 78, 79, 81). Plaintiff's objections (Docs. 83-84) will be overruled and the PrimeCare Defendants' and Dr. Howard's motions to dismiss Plaintiff's constitutional claims will be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law negligence claim under 28 U.S.C. § 1367(c)(3). The Commonwealth Defendants' objections (Doc. 82) will also be overruled and the Commonwealth Defendants' partial motion to dismiss will be denied. (Doc. 83). Upon review for clear error or manifest injustice, the Court will adopt Judge Carlson's R&R in full (Doc. 80) and Wellpath's motion to dismiss will be denied.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(6).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting

*Iqbal,* 556 U.S. 679). Moreover, dismissal under Rule 12(b)(6) is appropriate where an affirmative defense—like the statute of limitations—is apparent on the face of the complaint. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

**B. <u>Review of a Magistrate Judge Report & Recommendation</u>.**

In reviewing a Magistrate Judge's R&R, the Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendation to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." (*Id.*).

When no objections have been made, the Court must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) Advisory Committee Notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining the district court's responsibility "to afford some level of review" when no objections to a R&R have been made).

## III. ANALYSIS

**A. <u>Plaintiff's Objections Will Be Overruled & the PrimeCare Defendants' Motion to Dismiss Will Be Granted</u>.**

Plaintiff objects to Judge Carlson's R&R recommending this Court grant the PrimeCare Defendants motion to dismiss Plaintiff's constitutional claims and decline to

exercise supplemental jurisdiction over his state law negligence claim.[1] (Doc. 83). Judge Carlson concluded that Plaintiff's constitutional claims are facially barred by the statute of limitations, finding that Plaintiff's own allegations in the SAC show that his claims against the PrimeCare Defendants are untimely. (Doc. 78 at 2). Judge Carlson further found that Plaintiff did not allege facts making it plausible that the PrimeCare Defendants deprived him of his constitutional right to adequate medical care. (*Id.* at 3).

Plaintiff raises four arguments in support of his objection. (Doc. 83 at 10-18). First, Plaintiff claims that Judge Carlson erred by recommending the Court dismiss his constitutional claims against the PrimeCare Defendants because the discovery rule applies to save these untimely claims. (*Id.* at 10-12). Second, Plaintiff argues that his deliberate indifference claims against one of the PrimeCare Defendants—Dr. Behman—"does not fail on its merits." (*Id.* at 12-14). Third, and similarly, Plaintiff asserts that his *Monell* claim against PrimeCare "does not fail on its merits." (*Id.* at 14-17). Finally, Plaintiff argues that the Court should exercise supplemental jurisdiction over the remaining state law negligence claim against the PrimeCare Defendants. (*Id.* at 17-18).

Upon *de novo* review of the R&R and Plaintiff's objections thereto, the Court agrees with Judge Carlson that the facts alleged by Plaintiff show that his constitutional claims against the PrimeCare Defendants are time-barred. The Court further finds that Plaintiff's

---

1 In the SAC, Plaintiff brings three claims against the PrimeCare Defendants: (1) a section 1983 claim alleging deprivation of his Eighth and Fourteenth Amendment rights to adequate medical care; (2) a *Monell* liability claim; and (3) a negligence claim. (Doc. 69, ¶¶ 126-151).

allegations of deliberate indifference against Dr Behman and his *Monell* claim against PrimeCare fail. Accordingly, the Court will overrule Plaintiff's objections and grant PrimeCare's motion to dismiss. Leave to amend will be denied because granting Plaintiff leave to amend would be futile.[2] The Court also declines to exercise supplemental jurisdiction of Plaintiff's state law negligence claim.

Plaintiff first objects to Judge Carlson recommending that the Court dismiss his constitutional claims against the PrimeCare Defendants because the discovery rule applies to save these untimely claims. (Doc. 83 at 10-12). Judge Carlson rejected Plaintiff's arguments that his constitutional claims against the PrimeCare Defendants accrued on September 15, 2023, the date Plaintiff alleges he was first seen by an outside neurologist who confirmed he did not have Parkinsons disease. (Doc 78 at 16-21). Judge Carlson found that Plaintiff's constitutional claims against the PrimeCare Defendants accrued on June 6, 2022, making his November 5, 2024, initial Complaint untimely. The Court agrees with Judge Carlson that the SAC on its face shows that Plaintiff's constitutional claims

---

2 The Court declines to grant plaintiff leave to amend to file a fourth complaint because he cannot cure the deficiencies with his constitutional claims against the PrimeCare Defendants, as those claims are clearly barred by the statute of limitations. *See SLT Imports, Inc. v. SAR Transport Sys. Pvt Ltd.*, 177 F.4th 445, 449 (3d Cir. 2026) (granting plaintiff "leave to amend would be futile because the claim is time-barred"); *see also Price v. Assoc. Press*, 2026 WL 1122121, at *2 (3d Cir. Apr. 24, 2026) ("Granting [plaintiff] leave to amend would have been futile under the circumstances of this case, as the District Court ruled, and Price has not specified (in the District Court or on appeal) how he could amend to state a timely claim.") (nonprecedential).

against the PrimeCare Defendants accrued no later than June 6, 2022, and are accordingly time-barred.[3]

"The statute of limitations for a § 1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *Wisniewski*, 857 F.3d at 157. "A section 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

"The question of whether a statute of limitations should be tolled with respect to a Section 1983 claim is governed by state law unless it conflicts with applicable federal law."[4] *Heizman v. Cuffaro*, 2022 WL 1785486, at *6 (M.D. Pa. June 1, 2022) (citing *Pearson v. Sec'y Dept. of Corrs.*, 775 F.3d 598, 602 (3d Cir. 2015)); *see also Dates v. Winters*, 2022 WL 1157890, at *2 n.3 (E.D. Pa. Apr. 19, 2022) ("Absent a conflict with federal law, state law tolling principles govern Section 1983 claims.").

Pennsylvania discovery rule tolls the statute of limitations in limited circumstances where, "despite the exercise of reasonable diligence," a plaintiff neither knows nor

---

3 Plaintiff alleges he was first detained at the Montgomery County Correctional Facility ("MCCF") on September 25, 2019, and that he was treated by the PrimeCare Defendants while detained at MCCF. (Doc. 69, ¶¶ 25-70). He further alleges that he remained at MCCF "until his transfer to the Department of Corrections to serve a state prison sentence on or about March 21, 2022." (*Id.*, ¶ 26). Following his transfer to Department of Corrections, Plaintiff did not receive any medical care from the PrimeCare Defendants. (*Id.*, ¶¶ 22-24, 71-118).

4 The Court agrees with the parties and Judge Carlson that Pennsylvania's tolling law principles apply to Plaintiff's constitutional claims against the PrimeCare Defendants and finds no conflict between Pennsylvania and federal law.

reasonably should have known of his injury and its cause at the time his right to institute suit arises. *Fine v. Checcio*, 582 Pa. 253, 267, 870 A.2d 850 (Pa. 2005). “Mistake, misunderstanding, or lack of knowledge in themselves do not toll the running of the statute.” *Id.* at 266. “The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same right as those who have suffered such an injury.” *Id.* at 266-67. The “salient point giving rise to [the discovery rule’s] application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause.” *Id.* at 267. There are “very few facts which diligence cannot discover.” *Id.* The question is not “what did the plaintiff know of the injury done him,” but instead, “what he might have known, by the use of the means of information within his reach, with the vigilance that the law requires of him.” *Id.*

Judge Carlson found that Plaintiff was aware, or should have been aware of his injury, no later than June 6, 2022, and that was the date his cause of action accrued. Judge Carlson first noted that the “amended complaint clearly alleges that [Plaintiff] believed he had been misdiagnosed by June 6, 2022, when he was transferred to SCI Benner Township.” (*Id.* at 19) (citing Doc. 69, ¶ 94). Judge Carlson also found that Plaintiff alleged that on June 6, 2022, he was evaluated by the medical department at SCI Benner Township and was informed that they did not believe he suffered from either Parkinsons disease or

dementia. (*Id.*) (citing Doc. 69, ¶ 75). Moreover, "the medical director of SCI Benner Township discontinued his Sinemet and Aricept because he did not find any evidence indicative of Parkinsonism upon examination." (*Id.*) (citing Doc. 69, ¶ 76). Thus, Judge Carlson concluded that "plaintiff's own timeline illustrates that by the time he was evaluated by the medical department at SCI Benner Township, Gaines was reasonably aware of his alleged injury, that Dr. Behman allegedly misdiagnosed his Parkinsonism, was improperly treating him and had not referred him for an outside neurological exam."[5] (*Id.*).

The Court agrees with Judge Carlson and concludes that Plaintiff's constitutional claims against the PrimeCare Defendants accrued no later than June 6, 2022, the date by which Plaintiff's own allegations in the SAC show he was aware or should have been aware of his injuries. (Doc. 69, ¶¶ 75-76, 94). Plaintiff filed his initial Complaint against the PrimeCare Defendants on November 5, 2024, approximately five months too late.[6] Upon

---

5 Judge Carlson also determined that "when applying Pennsylvania's discovery rule to statute of limitation tolling requests involving medical claims, it is clear that the plaintiff need not have known the precise medical cause of the injury in order to commence the running of the statute of the limitation" and that a plaintiff only need know he was injured. (Doc. 78 at 18) (collecting cases). The Court agrees with Judge Carlson's Pennsylvania case law analysis.

6 The discovery rule does not, as Plaintiff argues without any citation to case law, begin to "run upon [his September 2023] diagnosis, as this was the first time Plaintiff learned from a medical specialist that Defendant Behman wrongfully diagnosed and improperly treated him." (Doc. 83 at 10). Rather, Pennsylvania's discovery rule applies where, "despite the exercise of reasonable diligence," a plaintiff neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises. *Fine*, 582 Pa. at 267. Nor does the Court agree with Plaintiff that the "continuing wrong" doctrine applies to save his untimely claims. Under this doctrine, "a federal cause of action based upon the defendant's continuing conduct is timely provided that the last act of that continuing conduct is within the period for the commencement of an action specified by the statute of limitations." *Sameric Corp.*, 142 F.3d at 599. Because Plaintiff brought suit against the PrimeCare Defendants in November 2024 and the SAC alleges that the PrimeCare Defendants' "last act of continuing conduct" ended in March of 2022 (Doc. 69, ¶ 26), the continuing wrong doctrine would have no application here and could not save his untimely claims.

*de novo* review, the Court agrees with Judge Carlson that Plaintiff's constitutional claims against the PrimeCare Defendants are untimely and will overrule Plaintiff's first objection to the R&R. Dismissal under Rule 12(b)(6) is appropriate where, as here, an affirmative defense—here the statute of limitations—is apparent on the face of the complaint. *Wisniewski*, 857 F.3d at 157.

Plaintiff's second objection to the R&R needs only brief discussion because the Court has already found these claims are time-barred. (Doc. 83 at 12-14). Here, the Court agrees with Judge Carlson that the allegations in the SAC fall short of alleging that the PrimeCare Defendants deprived Plaintiff of his constitutional right to adequate medical care and acted, or failed to act, with deliberate indifference to his serious medical needs. (Doc. 78 at 21-26). Plaintiff's allegations in the SAC sound in negligence, not deliberate indifference. Accordingly, Plaintiff's second objection will be overruled. Similarly, Plaintiff's third objection to the R&R will be overruled. (Doc. 83 at 14-17). The Court again agrees with Judge Carlson that Plaintiff's *Monell* claim against PrimeCare Medical, Inc. fails on its merits, as Plaintiff failed to plausibly allege an underlying constitutional violation attributable to PrimeCare.

Finally, Plaintiff argues in his fourth objection that Judge Carlson erred in recommending this Court decline to exercise to supplemental jurisdiction of his state law negligence claim against the PrimeCare Defendants. The Court again disagrees and will overrule this objection. 28 U.S.C. § 1367(c)(3) provides that "[t]he district court may decline

to exercise supplemental jurisdiction over a claim . . . if—(c) the district court has dismissed all claims over which it has original jurisdiction." As Plaintiff correctly recognizes in his objection, "the Court has the *discretion* to hear the remaining state claims even if all claims over which it had original jurisdiction have been dismissed." (Doc. 83 at 17) (emphasis supplied). Because Plaintiff's constitutional claims have been dismissed and the Court no longer has original jurisdiction over any of Plaintiff's claims against the PrimeCare Defendants, the Court will exercise its discretion and will decline to exercise supplemental jurisdiction over Plaintiff's negligence claim against the PrimeCare Defendants.

Accordingly, upon *de novo* review the Court will overrule Plaintiff's four objections. The R&R will be adopted in full and the PrimeCare Defendants' motion to dismiss will be granted, and the Court will decline to exercise supplemental jurisdiction over the remaining state law negligence claim.

**B. <u>The Court Will Adopt the R&R Granting Dr. Howard's Motion to Dismiss</u>.**

Plaintiff filled objections to Judge Carlson's R&R recommending the Court grant Dr. Jacqueline Howard's motion to dismiss Plaintiff's constitutional claims and should decline to exercise supplemental jurisdiction over his state law negligence claim. (Doc. 84). Specifically, Plaintiff alleges that "the allegations in the complaint clearly support the existence of a serious medical need." (*Id.* at 8). Plaintiff further alleges that his allegations regarding Dr. Howard's deliberate indifference suffice, as he "repeatedly had to submit requests for care because he was not getting proper medical attention with misdiagnoses

and conditions that were not improving," among other allegations he claims show deliberate indifference. (*Id.* at 9). Plaintiff also claims that the Court should exercise supplemental jurisdiction over his state law negligence claim against Dr. Howard. (*Id* at 9-10).

Initially, the Court notes that Judge Carlson never found Plaintiff's allegations regarding his serious medical need to be lacking. Instead, Judge Carlson found that his allegations regarding deliberate indifference against Dr. Howard—a physician employed by Wellpath—clearly fail to rise to a constitutional dimension. (Doc. 79 at 14-20). More specifically, Judge Carlson found the allegations in SAC "entails a disagreement over the proper course of treatment," and "it is clear that Dr. Howard and her team at SCI Benner both worked to address and diagnose [Plaintiff's] neurological symptoms and back pain and to treat his acute knee injury while he was incarcerated." (*Id.*, at 17-18).

Upon *de novo* review of the R&R the Court will overrule Plaintiff's objections and adopt Judge Carlson's R&R in full. In short, the Court agrees with Judge Carlson that the allegations in the SAC fall far short of alleging that Dr. Howard acted, or failed to act, with deliberate indifference to Plaintiff's serious medical needs. Plaintiff's allegations sound in negligence and do not arise to level of a constitutional violation. Accordingly, the Court will adopt the R&R in full and Dr. Howard's motion to dismiss will be granted and the Court will

decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim against Dr. Howard.[7]

### C. **The Commonwealth Defendants' Objections Will Be Overruled & Their Partial Motion to Dismiss Will Be Denied.**

The Commonwealth Defendants object to Judge Carlson's R&R recommending this Court deny their partial motion to dismiss.[8] (Doc. 82). Specifically, they claim that Judge Carlson erred by not recommending this Court dismiss Plaintiff's constitutional claims relating to his October 16, 2023, transport by Corrections Officers Edwards and Calderwood.[9] (*Id.* at 4-8). The crux of the Commonwealth Defendants' objection is that Plaintiff did not allege he suffered any physical injury during his October 16, 2023 transport, so their partial motion to dismiss should been granted and Corrections Officers Edwards and Calderwood should be dismissed from this case. They further claim Plaintiff "alleges only that he was unsecured during the October 16, 2023, transport, and that they caused him to experience fear," and "does not allege that Edwards and Calderwood were driving recklessly and does not allege that any physical injury resulted." (*Id.* at 7-8).

---

7 The claims against Dr. Howard will be dismissed with prejudice. Plaintiff did not request leave to amend and the Court declines to give Plaintiff a fourth opportunity to amend his complaint.

8 In the SAC, Plaintiff brings two claims against the Commonwealth Defendants: (1) a § 1983 claim alleging deprivation of his Eighth Amendment rights; and (2) an ADA claim. (Doc. 69, ¶¶ 163-181).

9 The Commonwealth Defendants did not move to dismiss Plaintiff's claims related to his October 13, 2023, transport by Corrections Officers Cramer and Barndt.

Judge Carlson found that Plaintiff alleged facts that, if proven, showed that the Commonwealth Defendants violated the Eighth Amendment during the two separate transports. (*Id.* at 14-18). More specifically, Judge Carlson concluded that the Commonwealth Defendants "were deliberately indifferent to a substantial risk to [Plaintiff's] safety by transporting him twice, unsecured, and on the floor of a Dodge Caravan Minivan." (*Id.* at 16). He further found that Plaintiff "did allege injury resulting from his second transport since he stated he was unable to bend his right knee when he returned to SCI Benner on October 16, 2023." (*Id.* at 18).

Upon *de novo* review of the R&R and the Commonwealth Defendants objections thereto, the Court will overrule the objections. Contrary to the Commonwealth Defendants' arguments, the SAC alleges facts from which one could reasonably infer that Plaintiff was injured as a result of the October 16, 2023, transport, and that the Commonwealth Defendants otherwise violated Plaintiff's Eighth Amendment rights. (Doc. 69, ¶¶ 108-109). Accordingly, the Court will adopt the R&R in full, overrule the Commonwealth Defendants' objections, and will deny the Commonwealth Defendants' partial motion to dismiss.

### D. <u>The Court Will Adopt the R&R Denying Wellpath's Motion to Dismiss</u>.

No party filed an objection to Judge Carlson's R&R recommending the Court deny Wellpath's motion to dismiss. (Doc. 80). Judge Carlson found that "the interpretation and application of the [Wellpath's Bankruptcy] Plan's bar on litigation involves a multifaceted analysis of interlocking legal and factual issues, questions which are neither fully developed

nor addressed in the instant motion." (*Id.* at 5). Upon review of the R&R for clear error or manifest injustice, the Court is satisfied there is no clear error on the face on the record and will adopt Judge Carlons's R&R in full. The Court agrees with Judge Carlson that whether the Plan's litigation bar applies has not been fully developed or adequately addressed by the parties. Accordingly, the Court will adopt the R&R in full and Wellpath's motion to dismiss will be denied.

## IV. CONCLUSION

For the foregoing reasons, the Court will overrule Plaintiff's and the Commonwealth Defendants' objections and will adopt Magistrate Judge Carlson's R&R's in full. (Docs. 78-81). The PrimeCare Defendants' motion to dismiss (Doc. 48) will be granted and Plaintiff's constitutional claims against the PrimeCare Defendants will be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law negligence claim against the PrimeCare Defendants. Dr. Howard's motion to dismiss (Doc. 43) will be granted and Plaintiff's constitutional claims against Dr. Howard will be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff' state law negligence claim against Dr. Howard. The Commonwealth Defendants' partial motion to dismiss (Doc. 70) will be denied. Wellpath's motion to dismiss (Doc. 45) will be denied. Separate orders follow.

Robert D. Mariani
United States District Judge